UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL DIVISION

CASE NO:

JULIUS QUINN,

        Plaintiff,

v.

THE CITY OF MIAMI, a political
subdivision of the State of Florida and
ROBERT THOMPSON, LUIS E. SIERRA,
EZRA D. WASHINGTON, KEVIN
HARRISON, MELANIE ORTIZ, JOHN
DOE A through E, all residents of the
State of Florida.

        Defendants.
_____/

**COMPLAINT FOR DAMAGES**

The Plaintiff, JULIUS QUINN ("Julius"), sues the CITY OF MIAMI, a Florida Municipal corporation (the "City"), and officers, ROBERT THOMPSON, LUIS E. SIERRA, EZRA D. WASHINGTON, KEVIN HARRISON, MELANIE ORTIZ, and officers JOHN DOE A through E ("Officers")(collectively "Defendants"), and alleges:

**THE PARTIES, JURISDICTION, AND VENUE**

1. At all times material to this action, Julius was and is a resident of Miami-Dade County, Florida.

2. Defendant, CITY OF MIAMI, is a municipal corporation organized under the laws of the State of Florida and a subdivision of the State.

3. Defendants, ROBERT THOMPSON, LUIS E. SIERRA, EZRA D. WASHINGTON, KEVIN HARRISON, MELANIE ORTIZ, and officers JOHN DOE A through E were sworn police officers employed by the City of Miami and acting within the scope of their employment when this incident occurred.

4. The actual names of officers John Doe A through E are unknown at this time but should be available through records maintained by the City.

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983 and pursuant to the doctrine of pendent claim jurisdiction. .

6. Venue is proper because the events that give rise to this claim all occurred within Miami-Dade County, Florida.

## THE FACTS GIVING RISE TO THE CLAIM

7. On November 17, 2012, Julius was the front seat passenger in a 2005 Mercedes CL600 being operated by his friend, Chandly Pierre ("Chandly").

8. The vehicle was traveling northbound on NW 6th Avenue and stopped at a STOP sign located at the intersection of NW 29th Street in the City of Miami, FL.

9. There were several City of Miami police vehicles stopped in the intersection with their emergency lights flashing, blocking the intersection. Within moments, approximately six marked police vehicles and 10 officers were on the scene.

10. Chandly immediately lowered all four windows, and both he and Julius stuck their hands out of the windows to inform and show the officers that they were unarmed. Both Chandly and Julius were aware of the recent killings of several unarmed Black men by City of Miami police officers and were concerned about their safety and welfare at the hands of these officers.

11. Despite the fact that their windows were down and their hands exposed on the window ledge, the officers approached Chandly's vehicle with their guns drawn, with a number of them simultaneously screaming and gesturing in a threatening fashion at both. Both Chandly and Julius kept both hands on the respective window ledges of the car in plain view as the officers approached.

12. The officers shouted several unintelligible commands at both Chandly and Julius and generally acted in a disorganized and unruly fashion.

13. Officer Washington approached the driver's door and ordered Chandly out of the vehicle.

14. Chandly promptly exited the vehicle with his hands above his head and did not resist in any fashion. Chandly obeyed all of Officer Washington's commands.

15. As Chandly left the car, one or more of the officers clasped his arms and hands behind him and handcuffed him.

16. Once handcuffed and without any further command or provocation, Officer Washington threw Chandly to the ground and forced his face against the asphalt which caused facial abrasions, cuts to his mouth, and injuries to his gums and teeth.

17. Chandly was placed in the back seat of a police cruiser and later transported to jail.[1]

18. After Chandly was removed from the vehicle, an officer ordered Julius to exit the vehicle and place his hands on the rear trunk lid.

19. Julius carefully removed his hands from the edge of the car window and immediately complied with the officer's instruction, stepping out of the car.

---

[1] Officer Thompson observed Officer Washington's actions, but instead of correctly reporting Officer Thompson's actions, he prepared a false arrest affidavit claiming that Chandly failed to follow commands.

20. Officer Thompson then grabbed Julius's hands, pulled them behind his back, and simultaneously kicked Julius's feet out from underneath him. Unable to break his fall, Julius landed face first on the pavement and sustained a serious and large abrasion to his cheek.

21. Officer Thompson and two other officers then kicked Julius in the face and ribcage as he laid helpless on the ground.

22. Julius lost consciousness, and when he awoke, he was handcuffed in the backseat of a police car sitting next to Chandly. Julius suffered multiple lacerations, abrasions, and bruises on his face, ribcage, and groin.

23. Officer Thompson falsely arrested Julius for public intoxication and resisting arrest, and transported him to jail

24. Officer Thompson prepared a police report which contained page after page of lies, accusing Julius of misconduct which simply had not occurred.[2]

25. Based upon the total lack of evidence suggesting that Julius was impaired, the State Attorney's Office *nolle prossed* the public intoxication charge.

26. However, the officer urged the State to try Julius for resisting arrest without violence.

27. Julius was brought to trial on May 7, 2013.

28. The jury was out for 10 minutes and returned a "not guilty" verdict.

29. Julius hired undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services for which the officers are responsible.

---

[2] The City of Miami Police Department's routine of assaulting and brutalizing African-American males as part of their day-to-day activities is so well-known that the Public Defender's Office has implemented a procedure where defendants with injuries are photographed before they are "cleaned up" for bond hearing.

WHEREFORE, Julius Quinn demands judgment for his damages, plus reasonable attorney's fees, the costs or prosecuting this action and such further relief as the Court deems just and proper.

### COUNT I: FOURTH AMENDMENT FALSE ARREST/FALSE IMPRISONMENT - OFFICERS ROBERT THOMPSON, LUIS E. SIERRA, EZRA D. WASHINGTON, KEVIN HARRISON, MELANIE ORTIZ, AND OFFICERS JOHN DOE A THROUGH E

30.     Julius re-alleges the allegations contained in paragraphs 1-29 of this Complaint.

31.     This action is brought by Julius Quinn pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by City of Miami Police Officers ROBERT THOMPSON, LUIS E. SIERRA, EZRA D. WASHINGTON, KEVIN HARRISON, MELANIE ORTIZ, and officers JOHN DOE A through E.

32.     Officers Robert Thompson, Luis E. Sierra, Ezra D. Washington, Kevin Harrison, Melanie Ortiz, and officers John Doe A through E violated Julius' clearly-established Fourth Amendment right to be free from false arrest and imprisonment when they arrested him without probable cause.

33.     Julius never resisted any of the officers' commands.

34.     Nevertheless, the officer falsely arrested Julius for public intoxication and resisting arrest without violence.

35.     The officers did not have probable cause to arrest him.

WHEREFORE, Plaintiff, Julius Quinn, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and any other relief this Court deems proper and just.

### COUNT II: FOURTH AMENDMENT EXCESSIVE FORCE - ROBERT THOMPSON, LUIS E. SIERRA, EZRA D. WASHINGTON, KEVIN HARRISON, MELANIE ORTIZ, AND OFFICERS JOHN DOE A THROUGH E

36. Julius re-alleges the allegations contained in paragraphs 1-29 of this Complaint.

37. This action is brought by Julius Quinn pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by City of Miami Police Officers ROBERT THOMPSON, LUIS E. SIERRA, EZRA D. WASHINGTON, KEVIN HARRISON, MELANIE ORTIZ, and officers JOHN DOE A through E.

38. Officers Robert Thompson, Luis E. Sierra, Ezra D. Washington, Kevin Harrison, Melanie Ortiz, and officers John Doe A through E violated Julius's clearly established Fourth Amendment right to be free from excessive force when they used force against him that was totally unwarranted and unreasonable under the circumstances.

39. During this entire ordeal, Julius did not resist any of the officers and fully complied with their commands.

40. Julius did not make any threatening movements or attempt to flee from the officers.

41. The actions of the officers caused Julius to sustain extensive damages, humiliation, and embarrassment.  He has lost the capacity to enjoy life, he has been permanently scarred and severely injured, and he has sustained other compensable injuries and other significant damage and injury, including psychological injury.

42. Accordingly, the officers are liable for Julius's damages.

WHEREFORE, Plaintiff, Julius Quinn, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and any other relief this Court deems proper and just.

**COUNT III: FOURTEENTH AMENDMENT DUE PROCESS/FAILURE TO RENDER AID** – ROBERT THOMPSON, LUIS E. SIERRA, EZRA D. WASHINGTON, KEVIN HARRISON, MELANIE ORTIZ, AND OFFICERS JOHN DOE A THROUGH E

43. Julius re-alleges the allegations contained in paragraphs 1-29 of this Complaint.

44. This action is brought by Julius Quinn pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by City of Miami Police Officers ROBERT THOMPSON, LUIS E. SIERRA, EZRA D. WASHINGTON, KEVIN HARRISON, MELANIE ORTIZ, and officers JOHN DOE A through E.

45. Officers Robert Thompson, Luis E. Sierra, Ezra D. Washington, Kevin Harrison, Melanie Ortiz, and officers John Doe A through E violated Julius's clearly established Fourteenth Amendment right to due process when Officer Thompson and other officers used excessive force against Julius and failed to render aid.

46. By failing to render aid, the officers unnecessarily allowed Officer Thompson and others to use excessive force against Julius, which showed a deliberate indifference to his well-being, and as a result, Julius suffered multiple lacerations, abrasions, and bruises on his face, ribcage, and groin.

47. The actions (or lack thereof) of the officers on scene caused Julius to sustain extensive damages, humiliation, and embarrassment. He has lost the capacity to enjoy life, he has been permanently scarred and severely injured, and he has sustained other compensable injuries and other significant damage and injury, including psychological injury.

48. Accordingly, the officers are liable for Julius's damages.

WHEREFORE, Plaintiff, Julius Quinn, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and any other relief this Court deems proper and just.

## COUNT IV: STATE LAW FALSE ARREST/IMPRISONMENT - CITY OF MIAMI

49. Julius re-alleges the allegations contained in paragraphs 1-29 of this Complaint.

50. This action is brought by Julius Quinn for false arrest and false imprisonment, pursuant to the City of Miami's waiver of sovereign immunity under Florida Statute 768.28.

51. Julius complied with all conditions precedent to filing this lawsuit under 768.28, and this Court has pendent jurisdiction over the claim because this claim and the federal claim arise out of the same common nucleus of operative fact and thus are transactionally related.

52. On November 17, 2012, the City of Miami, via Officers Robert Thompson, Luis E. Sierra, Ezra D. Washington, Kevin Harrison, Melanie Ortiz, and officers John Doe A through E, who were acting within the scope of their employment as City of Miami police officers, intentionally restrained Julius against his will under circumstances that were unreasonable and unwarranted, and without legal authority (probable cause to arrest), which caused Julius harm.

53. Specifically, the officers arrested Julius for public intoxication and resisting arrest without violence, although there was no probable cause to arrest Julius for those offenses, or any other offense.

54. The State dropped the public intoxication charge, but, at the insistence of the officers, pursued the resisting arrest without violence charge.

55. After 10 minutes, the jury subsequently found Julius not guilty of resisting arrest without violence.

56. Nevertheless, as a result of the false arrest/imprisonment, Julius suffered extensive damages, humiliations, and embarrassment.

WHEREFORE, Plaintiff, Julius Quinn, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and any other relief this Court deems proper and just.

## COUNT V: STATE LAW MALICIOUS PROSECUTION – OFFICER ROBERT THOMPSON

57. Julius re-alleges the allegations contained in paragraphs 1-29 of this Complaint.

58. This action is brought by Julius Quinn for malicious prosecution under the laws of the State of Florida.

59. Julius complied with all conditions precedent to filing this lawsuit under 768.28, and this Court has pendent jurisdiction over the claim because this claim and the federal claim arise out of the same common nucleus of operative fact and thus are transactionally related.

60. Officer Thompson caused a criminal judicial proceeding to commence against Julius for public intoxication and resisting arrest without violence. He later encouraged and prodded the State to continue its prosecution of this bogus claim.

61. That criminal case was instigated by Officer Thompson's complete lies to the State Attorney's Office when he stated that Julius was intoxicated and resisted arrest.

62. On May 7, 2013, the state court criminal case ended in Julius's favor when the jury acquitted him after 10 minutes of deliberation.

63. Officer Thompson acted maliciously by continuing his lies and had no probable cause to believe that Julius was publicly intoxicated or that he resisted any officer.

64. Julius sustained damages including the loss of capacity to enjoy life, he has been permanently scarred and severely injured, and he has sustained other compensable injuries and other significant damage and injury, including psychological injury.

65. Accordingly, the Officer Thompson is liable to Julius for his damages.

WHEREFORE, Plaintiff, JULIUS QUINN, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and any other relief this Court deems proper and just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial of all issues so triable as of right by a jury.

**DATED:** November 14, 2016.

                         Joseph P. Klock, Jr., Esq., FBN 156678
                         jklock@rascoklock.com
                         Hilton Napoleon, II, Esq., FBN 17593
                         hnapoleon@rascoklock.com
                         RASCO KLOCK PEREZ NIETO
                         2555 Ponce de Leon Blvd., Suite 600
                         Coral Gables, Florida 33134
                         Telephone: 305.476.7100
                         Facsimile: 305.675.7707

                         *Counsel for the Plaintiff, Julius Quinn*

                         By: /s/ Joseph P. Klock, Jr.
                               Joseph P. Klock Jr.